IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAWN CHAPPEL, | : |
| *Plaintiff*, | : Case No. 1:24-cv-318 |
| vs. | : Judge Jeffery P. Hopkins |
| MAGISTRATE DAVID HUNTER, *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation (Doc. 7) issued by Chief Magistrate Judge Stephanie K. Bowman on July 8, 2024. Magistrate Judge Bowman recommends that Plaintiff's complaint be dismissed, and that Plaintiff's separately tendered motions for a stay of state court proceedings (Doc. 6) and for a temporary restraining order and preliminary injunctive relief (Doc. 5) be denied. Plaintiff has filed objections (Doc. 8).

For the reasons set forth herein, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation. The Court therefore **DISMISSES** Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B), **DENIES** the pending motions (Docs. 5, 6) as moot and **CERTIFIES** that any appeal would be frivolous.

I.     **LAW AND ANALYSIS**

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Plaintiff sets forth a number of contentions in her objections. However, many of these contentions are not viewed as formal objections because they are non-specific, general objections tantamount to a failure to object. *See Chappel v. Hunter*, No. 1:23-cv-728, 2024 WL 1307221, at *3 (S.D. Ohio March 27, 2024) (advising that non-specific objections result in forfeiture of the Court's *de novo* review). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged *specific* objections, the Court determines that the Report and Recommendation should be adopted.

### A. Fourth and Fourteenth Amendment Claims

Plaintiff asserts two claims under 42 U.S.C. § 1983: (1) a Fourth Amendment claim against Defendants Magistrate David Hunter and Judge Brett Spencer, and (2) a Fourteenth Amendment claim against Defendants Magistrate Hunter, Judge Spencer, Judge Margaret Clark, Sarah Shelton, Tyler Cantrell and Mackenzie Carrington.[1] Doc. 4, PageID 298–302. As set forth herein, these claims are subject to dismissal for lack of subject matter jurisdiction. And even if subject matter jurisdiction was present, Plaintiff's claims must be dismissed for

---

[1] Plaintiff has also named Shayla Tumbleson as a defendant in this action, along with Doe Defendants, but does not appear to assert her federal constitutional claims against these defendants.

failure to state a claim upon which relief can be granted. The Magistrate Judge therefore did not err.

### 1. Plaintiff's claims are precluded by the domestic-relations exception.

Plaintiff's claims pertain directly to the state court custody proceedings in Adams County. Plaintiff's children were removed from her custody in November 2022. Temporary custody was awarded to Adams County Children's Services (ACCS). In April 2024, ACCS moved for permanent custody of the children, and that request was pending at the time Plaintiff's complaint was filed. As part of the present complaint, Plaintiff broadly challenges the procedures, orders, and decisions issued in the state custody proceeding and asks this Court to enjoin the state court from proceeding with a permanent custody hearing. Based on the nature of her requests, Plaintiff's claims are barred by the domestic-relations exception.

The domestic-relations exception "precludes federal courts from hearing cases that involve the issuance of a divorce, alimony, or child custody decree." *Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015) (cleaned up). "When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015). Here, that answer is yes. Though she does not say so in any certain terms, by asking this Court to vacate the orders issued in the state custody proceeding (which would inevitably include orders related to the temporary custody of the children) and enjoin the state court from proceeding with a permanent custody hearing, Plaintiff has brought her claims squarely within the domestic-relations exception. *See ex parte Burrus*, 136 U.S. 586, 593–94 (1890). So, as a result, these claims must be dismissed without prejudice for lack of subject matter jurisdiction.

3

##### 2. The *Younger* abstention doctrine applies to Plaintiff's claims.[2]

Insofar as either of her federal claims fall outside the domestic-relations exception, Plaintiff's claims for injunctive and declaratory relief must be dismissed under *Younger*. In the first count of her complaint, Plaintiff alleges that Magistrate Hunter and Judge Spencer violated her Fourth Amendment rights when they "grant[ed] orders allowing entry into [her] home without evidence to support probable cause." Doc. 4, PageID 299, ¶ 111. For example, one of the court orders to which Plaintiff refers ordered that Plaintiff "allow the [agency caseworker] access to the residence so that the worker may investigate the allegations in the case" and to ensure the safety of the children. *See e.g.*, *id*. at PageID 320 (Ex. 8).

The second count in Plaintiff's complaint alleges a violation of Plaintiff's due process rights under the Fourteenth Amendment. As part of this claim, Plaintiff raises a series of factual allegations against Magistrate Hunter, Judge Spencer, Judge Clark, court-appointed attorney Sarah Shelton, court-appointed attorney Tyler Cantrell, and guardian ad litem Mackenzie Carrington—including, among other allegations, that these defendants failed to present or refused to hear evidence, issued improper orders, engaged in retaliatory conduct, and used unreliable drug tests without proper verification. *Id.* at PageID 299–302. This Court, however, need not consider these allegations because the *Younger* doctrine bars these claims.

*Younger v. Harris*, 401 U.S. 37 (1971) and its progeny provides that a federal court generally must abstain from adjudicating a federal cause of action when doing so would interfere with an ongoing child custody proceeding. *Meyers v. Franklin Cnty. Ct. Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001). "Abstention in civil cases is appropriate where: (1) there

---

[2] Because there are ample reasons to dismiss Plaintiff's complaint, the Court declines to address whether *Rooker-Feldman* applies to Plaintiff's claims.

4

is a pending state proceeding; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise constitutional claims." *Id.* These requirements are satisfied here.

The state custody proceedings were pending at the time her complaint was filed, and Plaintiff expressly requests "judicial intervention" in those proceedings. Doc. 4, PageID 276, 305.[3] Though Plaintiff attempts to sidestep *Younger* by arguing that no state proceedings were ongoing when the alleged constitutional violations occurred, *id.* at PageID 278, all of the allegations made as part of her Fourth and Fourteenth Amendment claims say otherwise. *Id.* at PageID 298–301. Thus, contrary to her assertions, the first abstention requirement is satisfied.

The second and third abstention requirements are also satisfied. The state proceeding implicates an important state interest as it relates to child welfare and protection. *Meyers*, 23 F. App'x at 204–05; *see also Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (explaining that domestic relations is an area of important state interest). And case law has clearly established that "the juvenile court provides an adequate forum for Chappel to raise her constitutional due process challenges to those proceedings." *Chappel*, 2024 WL 1307221, at *6, n.7. The circumstances described in Plaintiff's objections are not sufficient to necessitate federal intervention in this case, especially when those circumstances are part and parcel to the constitutional due process claims for which the juvenile court provides an adequate forum. *See e.g.*, Doc. 8, PageID 545. The Magistrate Judge did not err in applying *Younger*. Thus,

---

[3] The Court notes that Plaintiff's allegations in this case are analogous to those in *Chappel v. Hunter*, No. 1:23-cv-728, 2024 WL 1307221, at *6–7 (S.D. Ohio March 27, 2024). In that case, the Court similarly found that *Younger* applied to certain of Plaintiff's claims because her reliance on current drug testing procedures and the results from the tests administered to Plaintiff "constitute[d] an implicit request that this Court intermeddle in the ongoing state court proceedings." *Id.* at *6.

5

Plaintiff's claims for injunctive and declaratory relief are subject to dismissal under the decades old and frequently applied principles of that doctrine in similar cases such as this. *Meyer*, 23 F. App'x at 201. Plaintiff is receiving no different treatment than other litigants who have attempted these same arguments without success.

### 3. Regardless of the applicability of the domestic-relations exception and *Younger*, the judges and guardian ad litem are immune from suit.

Plaintiff asserts claims against the three state court judges (Magistrate Hunter, Judge Spencer, and Judge Clark) in their official and individual capacities. These claims are barred by Eleventh Amendment immunity and the doctrine of judicial immunity. Plaintiff's claims against Ms. Carrington, a guardian ad litem, are similarly barred by quasi-judicial immunity.

Turning first to Eleventh Amendment immunity, the courts of common pleas, the state juvenile courts, and their employees are state officers for § 1983 purposes. Thus, "the official-capacity claims against the state court judges are the equivalent of suits against Ohio, which is clothed with Eleventh Amendment immunity from suit." *Chappel*, 2024 WL 1307221, at *6 (citing *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *5 (S.D. Ohio Dec. 21, 2023)). Though Eleventh Amendment immunity precludes suits against state officials for money damages, *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000), this does not mean that Plaintiff's claims for declaratory and injunctive relief survive. The *ex parte Young* exception to which Plaintiff refers "expressly prohibits injunctions directed toward state judicial officers regarding their adjudication of the cases and controversies put before them." 209 U.S. at 123, 163 (1908). Thus, the official capacity claims against these state court judges are barred by the state's Eleventh Amendment immunity and must be dismissed without prejudice for want of subject matter jurisdiction. *See Chappel*, 2024 WL 1307221, at *6 ("Namely, Chappel's official-capacity claims against the state court judges are barred by

6

sovereign immunity as all the prospective declaratory and equitable relief demanded would interfere with the ongoing custody suit and drug testing attendant to those proceedings.").

Absolute judicial immunity requires dismissal of the individual capacity claims against these judges. Judicial immunity operates to protect judges from suit in both their official and individual capacities. *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). This Court agrees with the Magistrate Judge that every allegation against Magistrate Hunter, Judge Spencer, and Judge Clark relates to actions taken in their judicial capacities as part of the ongoing custody proceedings. Plaintiff's conclusory allegations that they acted without jurisdiction are woefully inadequate to overcome the judicial immunity to which they are entitled. *See Barrett v. Harrington*, 130 F.3d 246, 253–56 (6th Cir. 1997) (discussing scope of judicial immunity).

Similar to the doctrine of judicial immunity, quasi-judicial immunity extends to those "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). The Sixth Circuit has asserted that a guardian ad litem is entitled to quasi-judicial immunity when they act within the scope of their role as an "advocate for the child in judicial proceedings." *Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984).

In her objections, Plaintiff argues that Ms. Carrington's deception and procedural violations fall outside the scope of her "judicial duties" and that her actions should, at the very least, be investigated to determine if they fall outside the scope of such duties. But the only factual allegation asserted against Ms. Carrington in the complaint is that she recommended "a no contact order against the parents despite never having met or spoken to anyone in the family [i]ncluding the children." Doc. 4, PageID 287. Recommending a no-contact order is akin to the custody recommendations deemed within the scope of a guardian ad litem's duties in *Arsan v. Keller*, 784 F. App'x 900, 908 (6th Cir. 2019). The complaint's

allegations do not raise any concern to the contrary. Accordingly, because the allegations suggest that Ms. Carrington was acting within the scope of her role as an advocate for the children in the judicial proceedings, quasi-judicial immunity applies to Ms. Carrington.

### 4. Even setting aside jurisdictional shortcomings, Plaintiff nevertheless fails to state a claim under 42 U.S.C. § 1983.

Here, Plaintiff alleges as part of her Fourth and Fourteenth Amendment claims that certain of the defendants violated her constitutional due process rights under § 1983. To state a claim under § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

Having addressed the issue of immunity, only certain defendants remain—namely, Plaintiff's court-appointed attorneys Tyler Cantrell and Sarah Shelton. Plaintiff has not established that these defendants are state actors, nor has she alleged sufficient facts to show that they were acting under the color of state law. *See e.g., Polk County v. Dodson*, 454 U.S. 312 (1981) (public defenders are not state actors); *White v. Robertson-Deming*, 9 F. App'x 418, 419 (6th Cir. 2001) (public defenders and court-appointed counsel are not state actors). State action by a private actor "may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff's vague allegations that these defendants met with state officials outside her presence and "conspired"

8

with them are insufficient to establish such a nexus. Doc. 8, PageID 553. The § 1983 inquiry ends there.[4]

Thus, even absent any jurisdictional bar, Plaintiff has failed to state a claim under § 1983.

### 5. State Law Claims

Plaintiff's only remaining claims, negligent infliction of emotional distress (NIED) and intentional infliction of emotional distress (IIED), are state law claims. The Court has jurisdiction over these claims only to the extent authorized by statute. 28 U.S.C. § 1367. Because there are no federal questions left and the case has not proceeded beyond the filing of the complaint, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Thus, Plaintiff's remaining state law claims are dismissed without prejudice.

## II. CONCLUSION

Accordingly, Plaintiff's objections are **OVERRULED**, and her complaint is hereby **DISMISSED** without prejudice.[5] Plaintiff's motions for a preliminary injunction and temporary restraining order and for a stay of the state court proceedings (Docs. 5, 6) are therefore **DENIED** as moot. For the reasons stated above and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff

---

[4] Though the Magistrate Judge considered Plaintiff's § 1983 claims in relation to Defendant Tumbleson and Defendant Does 1-100, this Court finds that Plaintiff did not plead these claims against these defendants in her complaint. *See e.g.*, Doc. 4, PageID 298–302. It appears that Plaintiff asserted only her claim for NIED against Defendant Tumbleson, *id.* at 302, and she did not plead any claim against Defendant Does 1-100 with any specificity. Though she has not requested leave to amend her complaint, any request to amend her § 1983 claims to add Defendant Tumbleson and the Doe Defendants would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (leave to amend may be denied when amendment would be futile).

[5] An analogous case (1:22-cv-00747-SJD-KLL) filed by Plaintiff remains pending in this District following remand from the Sixth Circuit. *See Chappel v. Adams Cnty. Child.'s Servs., et al.*, No. 23-3526, 2024 WL 4601467 (6th Cir. Oct. 22, 2024).

leave to appeal in forma pauperis. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Dated: January 29, 2025

Hon. Jeffery P. Hopkins
United States District Judge